U.S. BANK NATIONAL ASSOCIATION as Trustee for
the BNC Mortgage Loan Trust 2006–2, Appellee,

v.

MARCINO et al., Appellants.

[Cite as *U.S. Bank Natl. Assn. v. Marcino,* 181 Ohio App.3d 328, 2009-Ohio-1178.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 08 JE 2.

Decided March 10, 2009.

Lerner, Sampson & Rothfuss, L.P.A., Deanna C. Stoutenborough, and M. Elizabeth Hils, for appellee.

Anthony T. Marcino and Melissa C. Marcino, pro se.

WAITE, Judge.

{¶ 1} Appellant, Anthony T. Marcino, appearing pro se, appeals the summary judgment entered in the Jefferson County Court of Common Pleas in favor of appellee, U.S. Bank National Association, as trustee for the BNC Mortgage Loan Trust 2006–2 in this foreclosure action. Appellant contends that summary judgment was granted in error because appellee has never demonstrated that it is the real party in interest.

{¶ 2} Although appellee incorrectly argues that the trial court took judicial notice of the recorded assignment of the note and mortgage at issue in this case,

appellee, in the alternative, successfully relies on several sections of the Ohio Revised Code, adopted from the Uniform Commercial Code, to establish that it is the current note and mortgage holder in this case.

## Facts

{¶ 3} On August 18, 2006, appellant obtained a mortgage loan from BNC Mortgage Inc. ("BNC"). In consideration of the loan, appellant executed an adjustable rate note in the face amount of $75,200. Appellant and his wife, Melissa C. Marcino, granted a mortgage in favor of BNC on the real estate located at 1927 Majestic Circle, Steubenville, Ohio to secure the indebtedness.

{¶ 4} Attached to the note is a separate document, captioned "Allonge to Note," which reads, in its entirety, "PAY TO THE ORDER OF: _____ WITHOUT RECOURSE *BNC MORTGAGE, INC.*" The allonge is signed on behalf of BNC by "Dolores Martinez, Asst. Vice President."

{¶ 5} According to the affidavit of appellee's vice president of loan documentation, Steven M. Patrick, dated November 13, 2007, appellee is the holder of the note and mortgage. Appellant defaulted under the terms of the note and mortgage, and the account is due for the June 1, 2007 payment and all subsequent payments. As of November 13, 2007, a principal balance of $74,816.76 was due on the account, with interest thereon from May 1, 2007, at 8.375 percent per annum. There is an acceleration provision in both the note and mortgage, allowing appellee to call the entire unpaid principal balance with interest immediately due and payable.

{¶ 6} On September 7, 2007, appellee filed its complaint in forfeiture against the Marcinos. On September 11, 2007, the Marcinos, appearing pro se, filed a number of affidavits in response to the complaint, including those captioned "Affidavit: Withdrawal of Participation in Social Security," "Affidavit: Live Birth," "Affidavit: Declaration of Domicile," "Affidavit: Certificate of Citizenship," "Affidavit: Revocation of Signature," and "Affidavit: Revocation of Power of Attorney." The affidavits were apparently filed in an effort to call into question the trial court's jurisdiction over the Marcinos. Each of the affidavits was signed by the Marcinos as "Sovereign state Citizen[s]/Principal[s], by special appearance, proceeding Sui Juris."

{¶ 7} On October 16, 2007, appellees filed a motion for default judgment. The Marcinos filed two pleadings on October 19, 2007, captioned "Amended Answers, Defenses, and Counterclaims" and "Motion and Order of Dismissal, And Or Demurrer." On October 23, 2007, the trial court set the motion for default judgment for hearing on October 29, 2007.

{¶ 8} On October 26, 2007, appellee filed a motion to strike the Marcinos' answer or for leave to file a reply to the counterclaims. On the same day,

appellee filed a reply to the Marcinos' motion to dismiss. On October 29, 2007, the Marcinos filed a pleading captioned "Amended Defenses (Continued)."

{¶ 9} On October 31, 2007, the trial court denied the motion for default judgment, gave the Marcinos an extension of time until November 2, 2007, to file an amended answer to the complaint, and gave appellee an additional 30 days to respond to the Marcinos' counterclaims.

{¶ 10} On November 27, 2007, appellee filed its motion for summary judgment. The Marcinos filed a so-called motion for dismissal of summary judgment on November 26, 2007, which the trial court treated as a response in opposition to appellee's motion for summary judgment.

{¶ 11} The trial court conducted a hearing on the motion for summary judgment on December 17, 2007. At the hearing, appellant estimated that he had made his last payment on the note in "June, May, early last year."

{¶ 12} Appellant also conceded that he had not filed any affidavits or exhibits in support of his brief. The trial court attempted to explain to appellant his evidentiary burden on summary judgment, twice describing the difference between argument and evidence. The trial court told appellant that he must produce evidence in the form of an affidavit or exhibits in order to survive a properly supported motion for summary judgment.

{¶ 13} However, appellant insisted that appellee had failed to meet its burden on summary judgment because appellee had not produced the original loan document and had failed to establish that the note had been assigned to appellee by BNC. Appellant stated:

{¶ 14} "[S]ince the inception of this loan I have—I have asked for discovery for this—this whole loan and it's taken me much distress, not only my credit but my whole financial situation to—for me to—I'm still trying to get them to prove that this is—that they are the—the original note holder. They have yet to prove that."

{¶ 15} The trial court twice explained that appellee was not the original holder but that the note and the mortgage had been assigned to appellee. The trial court stated, "[Appellee] attached the assignment in their things showing that the note and mortgage were then assigned to them."

{¶ 16} Contrary to the trial court's statement, the record reflects that a copy of the assignment was not filed in support of appellee's motion for summary judgment. In appellee's brief, it claims:

{¶ 17} "U.S. Bank also submitted a Memorandum in Support of its Motion for Summary Judgment. The Memorandum recited an additional fact of which the trial court was permitted to take judicial notice, i.e., that an assignment of the

Mortgage had been recorded in the Jefferson County real estate records on September 24, 2007, approximately three weeks after the filing of the Complaint. * * * The trial court took judicial notice of the recorded assignment during the hearing on December 17, 2007."

{¶ 18} At the hearing, appellant continued to assert that appellee had not met its burden on summary judgment. Appellant summarized his legal argument as follows:

{¶ 19} "[T]he debtor has to prove that they own this debt. They have not done it yet. They have not done it yet. They filed a copy, a glorified certified copy. It doesn't validate the debt. They have to prove it prima facie and that means the original. I've been asking for that for, you know, 12 to 18 months but officially only three or four because it's been filed and they have to prove that.

{¶ 20} "The general accounting practices ledger will prove that, one, they have not lent me money. They've lent me credit. They do not have the original note. They do not have the original mortgage and it's illegal for banks—national banks to lend credit and I've stated that."

{¶ 21} When asked by the trial court whether appellant's signature appeared on the note he responded, "No." However, when asked again, appellant responded, "No. Those are—those are copies of what appears to be my signature but yet they have not—they have not proven that."

{¶ 22} Due to a typographical error in the judgment entry, the trial court granted default judgment instead of summary judgment in favor of appellee, and the decree of foreclosure was entered on December 17, 2007. Appellant filed his notice of appeal on January 16, 2008. On May 1, 2008, the real property subject to this action was withdrawn from sheriff's sale on application of appellee. Appellee indicated that it was reviewing the matter and disposition of its collateral, and therefore did not wish to execute judgment at that time. On July 28, 2008, while the case was on limited remand, the trial court issued a nunc pro tunc judgment and decree in foreclosure in order to correct the typographical error in the original judgment.

## Standard of Review

{¶ 23} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against

whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. Id.

{¶ 24} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, in the face of a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023.

## Assignment of Error

{¶ 25} "The trial court erred as a matter of law in granting summary judgment in favor of Plaintiff–Appellee and against Defendant–Appellant in the Final Judgment Entry in Foreclosure filed December 17, 2007."

{¶ 26} Appellant argues that appellee has failed to demonstrate that it is the real party in interest in this case. More specifically, appellant claims:

{¶ 27} "By his only assignment of error, Defendant argues that the trial court erred in granting summary judgment because there is a genuine issue of fact about whether **US BANK NATIONAL, ASSOCIATION** is the holder of the note and mortgage. Appellant admits that he executed the note and mortgage in favor of BNC—not **US BANK NATIONAL, ASSOCIATION**. Appellant argues that because **US BANK NATIONAL, ASSOCIATION** did not present evidence how it became the holder of the note and mortgage, it has not shown that it is a real party in interest." (Boldface sic.)

{¶ 28} Appellee counters that it has adequately proved the derivation of its status as holder:

{¶ 29} "It did so through the materials it presented in support of its Motion for Summary Judgment. These materials included the [Patrick] Affidavit, with its sworn attestation of U.S. Bank's status as holder and its authentication of the allonge endorsed in blank, and the Memorandum, with its reference to the recorded Assignment, which the trial court was permitted to recognize by judicial notice."

{¶ 30} Despite the trial court's warning to appellant that he could not survive summary judgment without providing an affidavit or exhibit, appellant did not attach anything to his opposition brief or put forth any evidence at the hearing. Because appellant did not file a supporting affidavit or adduce any evidence at the trial court level, the propriety of summary judgment turns exclusively on whether appellee met its initial burden of demonstrating that no genuine issue of material fact exists with respect to this foreclosure action.

{¶ 31} "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A). A real party in interest is one who is directly benefited or injured by the outcome of the case. *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701. The real-party-in-interest requirement, " 'enable[s] the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.' " Id. at 24–25, 20 OBR 210, 485 N.E.2d 701, quoting *In re Highland Holiday Subdivision* (1971), 27 Ohio App.2d 237, 240, 56 O.O.2d 404, 273 N.E.2d 903.

{¶ 32} The current holder of the note and mortgage is the real party in interest in foreclosure actions. *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C061069, 2007-Ohio-5874, 2007 WL 3225534, at ¶ 18; *Kramer v. Millott* (Sept. 23, 1994), 6th Dist. No. E–94–5, 1994 WL 518173 (plaintiff did not prove that she was the holder of the note and mortgage, as she did not establish herself as a real party in interest). Where a party fails to establish itself as the current holder of the note and mortgage, summary judgment is inappropriate. *First Union Natl. Bank v. Hufford* (2001), 146 Ohio App.3d 673, 677, 679–680, 767 N.E.2d 1206.

{¶ 33} In *First Union*, the Third District Court of Appeals reversed a summary judgment in favor of a bank that failed to produce sufficient evidence that it was the current note holder. The Third District concluded that the affidavit filed in support of summary judgment contained "inferences and bald assertions" rather than a "clear statement or documentation" proving that the original holder of the note and mortgage transferred its interest to First Union. Id. at 678, 767 N.E.2d 1206.

{¶ 34} Appellant contends that the facts of this case are analogous to *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604. In that case, Green gave a note and mortgage to Check 'n Go Mortgage Services. Id. at ¶ 2. Washington Mutual filed a complaint in foreclosure against Green when she allegedly defaulted on the note. Id. In an affidavit in support of summary judgment, Washington Mutual's vice president stated that she had personal knowledge of the account, and that the account was in default. Id. at ¶ 6.

{¶ 35} However, Green submitted documents from the county recorders' office showing assignments to two other mortgage companies, but not to Washington Mutual. Id. at ¶ 7. Moreover, during the proceedings, Green received correspondence from another lending institution, Fairbanks Capital Corporation, that asserted a right to the proceeds of the note and mortgage. Id. Although Green filed a motion for leave to file a third-party complaint against Fairbanks, the trial court denied the motion and entered summary judgment in favor of Washington Mutual. Id. at ¶ 9.

{¶ 36} On appeal, we concluded that the affidavit of Washington Mutual's vice president did not establish that the note and mortgage had been assigned to it. Specifically, "[t]he affidavit did not mention how, when, or whether Washington Mutual was assigned the mortgage and note." *Washington Mut.*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604, at ¶ 32; see also *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP–615, 2008-Ohio-1282, 2008 WL 747698, ¶ 15 ("Without evidence demonstrating the circumstances under which it received an interest in the note and mortgage, [the plaintiff] cannot establish itself as the holder").

{¶ 37} Furthermore, we declined Washington Mutual's invitation to infer from the affidavit the fact that it owned the note and mortgage. We adopted the rationale first articulated by the Sixth District Court of Appeals in *First Union*, supra, that, " '[t]hough inferences could have been drawn from this material, inferences are inappropriate, insufficient support for summary judgment and are contradictory to the fundamental mandate that evidence be construed most strongly in favor of the nonmoving party.' " *Washington Mut.* at ¶ 29, quoting *First Union*, 146 Ohio App.3d 673 at 679, 767 N.E.2d 1206.

{¶ 38} We were influenced by the real possibility that the entry of summary judgment could leave Green subject to multiple judgments on the same debt because the lower court had not permitted Green to join Fairbanks. *Washington Mut.*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604, at ¶ 32. As a consequence, we reversed the trial court's decision and remanded the matter for further proceedings. Id. at ¶ 33.

{¶ 39} In the case at bar, the Patrick affidavit unequivocally states that appellee is the holder of the note and mortgage. In addition, appellee contends that the trial court took judicial notice of the recorded assignment.

{¶ 40} Evid.R. 201 states:

{¶ 41} "(A) **Scope of rule**. This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.

{¶ 42} "(B) **Kinds of facts**. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial

**336**

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

{¶ 43} The trial court referred to the assignment twice at the hearing. First, in an effort to explain the elements of the foreclosure action to appellant, the trial court recounted the evidence in the record. The trial court acknowledged that copies of the note and mortgage were in the court's file, "[a]nd there's an assignment of that in here as well."

{¶ 44} Later in the hearing, the trial court explained the assignment process in response to appellant's allegation that appellee is not the original note holder:

{¶ 45} "[Appellee] could not be the original bank that lent the money to you. That's why they have an assignment. The bank lent the money to you. They then bought it, then it was assigned. They have attached the assignment in their things showing that the note and mortgage were then assigned to them."

{¶ 46} The transcript of the hearing reveals that apparently the trial court mistakenly believed that a copy of the assignment had been filed in support of appellee's motion for summary judgment. It appears from our review of the record that a copy of the assignment was never made a part of the record. Contrary to the appellee's argument, even the most liberal reading of the hearing transcript does not support the conclusion that the trial court took judicial notice of the assignment.

{¶ 47} Because the assignment was not made a part of the record, we must examine the remaining evidence to determine whether appellee met its burden on summary judgment. Although the Patrick affidavit contains an unequivocal statement that appellee is the holder of the note and the mortgage (unlike the affidavit in *Washington Mut.*), the affidavit "did not mention how, when, or whether" appellee had been assigned the note and the mortgage. *Washington Mut.,* 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604, at ¶ 32.

{¶ 48} Consequently, the trier of fact is forced to infer from the Patrick affidavit that appellee was an assignee of BNC. However, we have consistently refused to infer appellee's alleged status of current note holder when appellee has not made the actual assignment a part of the record. Id., see also *DLJ Mtge. Capital, Inc. v. Parsons,* 7th Dist. No. 07–MA–17, 2008-Ohio-1177, 2008 WL 697400. Therefore, there is no evidence on the record that appellee is the current assignee of the note and mortgage.

{¶ 49} Despite appellee's failure to make the assignment a part of the record, appellee can establish itself as the current owner of the note and mortgage. Appellee argues, in the alternative, that the allonge, indorsed in blank, converted the note to bearer paper. As a consequence, appellee's possession of the original note is sufficient evidence to establish that appellee is the real party in interest.

{¶ 50} R.C. 1303.25(B) states: " 'Blank indorsement' means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

{¶ 51} The Patrick affidavit states: "Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action. True and accurate reproductions of the originals as they exist in Plaintiff's files are attached hereto as Exhibits 'A' and 'B'." In Ohio, a "holder" is defined as a person who is in possession of an instrument made payable to bearer. R.C. 1301.01(T)(1).

{¶ 52} For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the obligation. *Edgar v. Haines* (1923), 109 Ohio St. 159, 164, 141 N.E. 837. Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Kuck v. Sommers* (1950), 100 N.E.2d 68, 75, 59 Ohio Abs. 400.

{¶ 53} Various sections of the Uniform Commercial Code, as adopted in Ohio, support the conclusion that that the owner of a promissory note should be recognized as the owner of the related mortgage. See R.C. 1309.109(A)(3) ("this chapter applies to the following: * * * [a] sale of * * * promissory notes"), 1309.102(A)(72)(d) (" 'Secured party' means: * * * [a] person to whom * * * promissory notes have been sold"), and 1309.203(G) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien"). Further, "[s]ubsection (g) [of U.C.C. 9–203] codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien." Official Comment 9 to U.C.C. 9–203, the source of R.C. 1309.203.

{¶ 54} Thus, although the recorded assignment is not before us, there is sufficient evidence on the record to establish that appellee is the current owner of the note and mortgage at issue in this case, and, therefore, the real party in interest. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DONOFRIO and VUKOVICH, JJ., concur.