[Cite as *Bank of New York Mellon v. Roarty*, 2012-Ohio-1471.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-42 |
| | ) | |
| RHONDA ROARTY, et al., | ) | OPINION |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09CV1608

JUDGMENT: Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee Attorney Andrew C. Clark
Attorney Edward M. Kochalski
P.O. Box 165028
Columbus, Ohio 43216-5028

For Defendant-Appellant Attorney Bruce M. Broyles
164 Griswold Drive
Boardman, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 26, 2012

DONOFRIO, J.

**{¶1}** Defendants-appellants, Rhonda and Mark Roarty, appeal from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of plaintiff-appellee, The Bank of New York Mellon, on appellee's foreclosure complaint.

**{¶2}** On October 3, 2003, Rhonda executed and delivered a Promissory Note (Note) to Novastar Mortgage, Inc. (Novastar). The Note was secured by a mortgage on the property located at 2683 Morningside Place (Mortgage). The Mortgage was executed by appellants and delivered on the same day to Mortgage Electronic Registration Services, Inc. (MERS) as a nominee for Novastar.

**{¶3}** The Note was sold to Novastar Mortgage Funding Trust, Series 2003-4. Novastar indorsed the Note in blank and transferred possession to the trustee, JP Morgan Chase Bank. Appellee succeeded JP Morgan as trustee on October 31, 2007.

**{¶4}** Appellee filed a foreclosure complaint against appellants on May 1, 2009, asserting that Rhonda had defaulted on the Note and that appellants owed $194,083.50, plus interest.

**{¶5}** Appellee subsequently filed a motion for summary judgment. It alleged that there was no genuine issue of material fact: Rhonda defaulted on the Note and Mortgage; it sent her a Notice of Default; the default was not cured; the Note was accelerated; and it had not received any payment since December 2007. Appellants opposed the motion asserting that there were genuine issues of material fact surrounding the service of the default notice, appellee's standing to bring the foreclosure action, violations of the Truth in Lending Act, the balance due on the Note, and appellee's "unclean hands."

**{¶6}** The trial court, finding no genuine issues of material fact, granted appellee's summary judgment motion.

**{¶7}** Appellants filed a timely notice of appeal on March 3, 2010. Upon appellants' motion, the trial court issued a stay of its order pending this appeal as long as appellants posted a supersedeas bond.

**{¶8}** After the appeal was filed, this matter was stayed for some time due to bankruptcy proceedings. The bankruptcy stay has now been lifted.

**{¶9}** Initially, we must address a motion to strike filed in this court by appellee. Appellee asks us to strike portions of appellants' brief, arguing that appellants raise new issues with this court that they failed to raise in the trial court. Specifically, appellee contends that appellants failed to argue in the trial court (1) that certified mail is not first class mail for purposes of sending notices under the Note and Mortgage and (2) that the Note and Mortgage were intentionally separated at their conception and that the presumption that the mortgage follows the note is inapplicable.

**{¶10}** In fact, however, appellants raised these arguments in their reply to plaintiff's motion for summary judgment. Appellants specifically argued that appellee failed to comply with the terms of the Note and Mortgage in delivering the notice of default, i.e., "There is an issue in this case as to service of the notice of default," "there is also no evidence the notice was received, by anyone, as the certified mail return receipt shows no receipt signature." (Def. Reply to S.J.). And appellants attached Rhonda's affidavit stating that she never received the notice. (Def. Reply to S.J., Ex. D-3, ¶19). Additionally, appellants argued, "there is an issue in this case as to whether the Plaintiff has standing to bring this action" and "the Plaintiff has produced NO evidence that it was the holder of the note and mortgage at the time the complaint was filed." (Def. Reply to S.J.). These arguments in the trial court sufficiently preserved the issues for appeal.

**{¶11}** Thus, we must overrule appellee's motion to strike.

**{¶12}** Turning now to the merits, appellants raise a single assignment of error, which they break down into four issues. The assignment of error states:

**{¶13}** "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT STILL IN DISPUTE."

**{¶14}** In reviewing a trial court's decision on a summary judgment motion,

appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (1995), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S.Ct. 2505 (1986).

{¶15} Appellants' first issue asks:

{¶16} "Whether Appellee satisfied the condition precedent by providing Appellants with Notice of Acceleration."

{¶17} Appellants contend that appellee failed to provide them with a proper notice of acceleration. They claim that the February 18, 2008 Notice of Default (Notice), which appellee attached to its summary judgment affidavit, created a genuine issue of material fact. Appellants assert there is no evidence that the Notice was ever sent or delivered.

{¶18} Section 15 of the Mortgage, titled "Notices," provides in part:

{¶19} "All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

{¶20} Appellants assert that the Notice was not sent by first class mail. If it was sent, they argue, it was sent by certified mail. Further, appellants claim that appellee only provided evidence that one attempt was made to deliver the Notice, not that delivery was successful. In addition, appellants cite to Rhonda's affidavit stating

that she never received the Notice.

**{¶21}** Because appellee failed to comply with the terms of the Mortgage and because notice of default is a condition precedent to filing a foreclosure complaint, appellants contend that summary judgment was not proper.

**{¶22}** As brought to our attention by appellee, the Note provides three instances where notice is mandatory: (1) "the Note Holder *will* deliver or mail me a notice of any changes in my adjustable interest rate * * * before the effective date of any change" (Note ¶4); (2) "[a]ny notice that must be given to the Note Holder under this Note *will* be given by delivering it or by mailing it by first class mail to the Note Holder" (Note ¶8); and (3) "any notice that must be given to me [the borrower] under this Note *will* be given by delivering it or by mailing it by first class mail to me" (Note ¶8). (Emphasis added.)

**{¶23}** Unlike the above language, the language of the acceleration clause is not mandatory:

**{¶24}** "If I (Borrower) am in default, the Note Holder *may* send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder *may* require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." (Note ¶7(C); Emphasis added.)

**{¶25}** Appellee argues that the language of the acceleration clause is discretionary, as opposed to mandatory. While this is true, appellee places the emphasis in the wrong place. Instead of meaning that the lender has the option of whether or not to send a notice of default to the borrower, this paragraph means that it is at the lender's discretion whether or not to require the borrower to immediately pay the full amount of the loan plus interest. At best, this language is ambiguous and must be construed in appellant's favor. *Allason v. Gailey*, 189 Ohio App.3d 491, 2010-Ohio-4952, at ¶33.

**{¶26}** Moreover, Paragraph 8 of the Note is titled "GIVING OF NOTICES." Thus, this paragraph governs the giving of all notices in regard to the Note. It does

not make sense that the "GIVING OF NOTICES" paragraph would apply to all notices under the Note except for those notices under the acceleration clause. And Paragraph 8 provides that notice will be given "by delivering it or by mailing it by first class mail."

**{¶27}** Per the above quoted terms of the Note, when appellee chose to accelerate payment, it was required to give appellants notice of default and acceleration by first class mail or by actual delivery. Thus, we must move on to determine whether appellee complied with the notice provisions prior to accelerating the balance due on the Note.

**{¶28}** In *Natl. City Mortg. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, the Tenth District faced a nearly identical situation. In that case the note at issue also required notice of acceleration to be given by first class mail or actually delivered. Instead, the bank sent notice of default and acceleration to Richards by certified mail. The bank then received a certified mail return receipt stating that the certified mail had been unclaimed. In her affidavit, Richards stated that she did not recall receiving a letter by certified mail. The court, in concluding that the attempted delivery by certified mail did not comply with the terms of the note reasoned:

**{¶29}** "Here, had National City mailed its notice of default via ordinary, first class mail, it would not only have been entitled to a rebuttable presumption of delivery based on the mailbox rule, but would have satisfied the express requirements of the note and mortgage. * * * National City mailed its notice of default to Richards only by certified mail, which was returned to National City unclaimed. National City did not mail a notice of default by ordinary mail, either contemporaneously with its certified-mail notice or after return of the certified-mail envelope. Accordingly, no presumption of delivery arose. Moreover, even if a rebuttable presumption had arisen upon National City's certified mailing, the presumption was decisively rebutted by the uncontradicted evidence that the certified mail was returned to National City unclaimed." *Id.* at ¶28.

**{¶30}** The court further found that the postal service's return of the certified

mail to the bank eliminated any possible inference of actual delivery to Richards. *Id.* at ¶29. The court concluded as a matter of law that the bank failed to give Richards the contractually required notice of default before accelerating the balance due on the note and initiating foreclosure proceedings. *Id.* at ¶30. Thus, it reversed the summary judgment that had been entered in the bank's favor and dismissed the bank's complaint.

**{¶31}** The evidence in this case is that appellee sent the Notice dated February 18, 2008, to Rhonda via certified mail. (Plt. Response to Defendant's Reply to S.J., Ex. H). However, the section on the certified mail return receipt that is to be signed by the recipient upon delivery is unsigned. Additionally, a "Track & Confirm" search from the U.S. Postal Service that appellee included as an exhibit indicates the status of the certified mail as "Notice Left" and states that the postal service attempted to deliver the item on February 23, 2008. (Plt. Response to Defendant's Reply to S.J., Ex. I).

**{¶32}** Additionally, in her affidavit, Rhonda averred that she never received the Notice, either by regular or by certified mail. (Def. Reply to S.J., Ex. D-3).

**{¶33}** Importantly, appellee has not asserted that it ever mailed the Notice by regular first class mail.

**{¶34}** Appellants have presented evidence to create a genuine issue of material fact as to whether appellee complied with the contractual terms of the Note regarding the notice required to accelerate the balance due and initiate foreclosure. Appellee did not send notice via regular first class mail. So there is no presumption that appellants received notice in this manner. Further, there is evidence that appellee attempted to provide the Notice by certified mail. However, the evidence indicates that the certified mail was never actually delivered to appellants. Thus, a genuine issue of material fact exists as to whether appellee complied with the notice requirement, which was a prerequisite to acceleration.

**{¶35}** Based on the above, appellants' first issue has merit.

**{¶36}** Normally, given our resolution of appellants' first issue, we would find

appellants' remaining issues to be moot. However, given that their second issue deals with appellee's standing to initially file the lawsuit, we will address it also. Appellants' second issue asks:

{¶37} "Whether Appellee was the real party in interest with standing to file at the time the lawsuit was instituted."

{¶38} Appellants claim that appellee had not yet been assigned the Mortgage on the date it filed the lawsuit. They assert that appellee lacked standing to file the lawsuit on May 1, 2009, because the assignment of the Mortgage from MERS to appellee was not executed until May 13, 2009, and was not recorded until May 18, 2009.

{¶39} Civ.R. 17(A) provides that every action shall be prosecuted in the name of the real party in interest. In foreclosure actions, the current holder of the note and mortgage is the real party in interest. *U.S. Bank Nat. Assoc. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, ¶32. Summary judgment is not appropriate when a party cannot prove that it is the current holder of the note and mortgage. *Id.*

{¶40} In this case Rhonda executed and delivered the Note to Novastar Mortgage, Inc. on October 3, 2003. The Mortgage was executed by appellants and delivered on the same day to MERS as a nominee for Novastar. The Note was subsequently sold to Novastar Mortgage Funding Trust, Series 2003-4. Novastar indorsed the Note in blank and transferred possession to the trustee, JP Morgan Chase Bank. A "blank indorsement" is "an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B).

{¶41} On October 31, 2007, appellee succeeded JP Morgan as trustee. Appellee filed the foreclosure complaint against appellants on May 1, 2009, including a copy of the Note indorsed in blank. On May 13, 2009, MERS assigned the Mortgage to appellee.

{¶42} In *Marcino*, this court addressed a situation where we did not have

evidence of the assignment before us. In concluding that the bank was the real party in interest, we relied on the bank's evidence of an allonge, indorsed in blank and its possession of the note. We concluded that the bank's possession of the original note was sufficient evidence to establish that it was the real party in interest. *Id.* at ¶49. We reasoned:

**{¶43}** "For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the obligation. *Edgar v. Haines* (1923), 109 Ohio St. 159, 164, 141 N.E. 837. Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Kuck v. Sommers* (1950), 100 N.E.2d 68, 75, 59 Ohio Abs. 400." *Id.* at ¶52.

**{¶44}** Appellants assert that the law from *Marcino*, "the mortgage follows the note," does not apply here because the Note and the Mortgage were separated in this case and the lender was not the mortgagee. They assert that Novastar was the lender according to the Note. However, the Mortgage was granted to MERS as the mortgagee.

**{¶45}** Appellants are correct. In *Marcino*, there was no evidence of the assignment of the mortgage, so it was a reasonable presumption that the note followed the mortgage. In this case, however, the Note and the Mortgage were separated. Thus, there was no presumption here that the Note followed the Mortgage.

**{¶46}** But this does not lead us to the conclusion that appellee was not the real party interest at the time it filed the complaint. MERS was the entity in possession of the Mortgage at that time. Per the terms of the Mortgage, MERS "is a separate corporation *that is acting solely as a nominee for Lender* [Novastar] *and Lender's successors and assigns* [appellee]." (Mortgage, pg. 1; emphasis added). Thus, MERS was bound to act solely as appellee's nominee. Consequently, because MERS was in possession of the Mortgage at the time appellee filed the

complaint and then transferred the Mortgage to appellee, appellee had standing as the real party in interest.

**{¶47}** Due to the merit of appellants' first issue, their third and fourth issues are moot. They state:

**{¶48}** "Whether Bethany Hood had authority to execute the Assignment on behalf of MERS."

**{¶49}** "Whether Appellee was precluded from bringing the equitable claim of foreclosure based upon an application of the doctrine of unclean hands."

**{¶50}** Based on the reasons relating to appellants' first issue, appellants' sole assignment of error has merit.

**{¶51}** For the reasons stated above, the trial court's judgment granting summary judgment is hereby reversed. This matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion. Appellee's motion to strike is overruled.

Vukovich, J., concurs.

Waite, P.J., concurs.