[Cite as *Bank of New York Mellon v. Brubaker*, 2016-Ohio-2785.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON fka | : | JUDGES: |
| THE BANK OF NEW YORK, AS TRUSTEE | : | Hon. Sheila G. Farmer, P.J. |
| FOR THE CERTIFICATEHOLDERS OF | : | Hon. William B. Hoffman, J. |
| THE CWABS, INC., ASSET-BACKED | : | Hon. Craig R. Baldwin, J. |
| CERTIFICATES, SERIES 2007-6, | : | |
| | : | |
| Plaintiff - Appellee | : | |
| -vs- | : | |
| | : | |
| BRENDA S. BRUBAKER, et al. | : | Case No. 15-CA-38 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                 Court of Common Pleas, Case No.
                                 2014 CV 00212

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                April 28, 2016

APPEARANCES:

For Plaintiff-Appellee Bank New York Mellon          For Defendants-Appellants

JASON A. WHITACRE                                    SAM THOMAS, III
STEFANIE L. DEKA                                     1510 E. 191st Street
The Law Offices of John D. Clunk Co., LPA            Euclid, Ohio 44117
4500 Courthouse Blvd, Suite 400
Stow, Ohio 44224

For Plaintiff-Appellee- Fairfield County Treasurer

GREG MARX
Fairfield County Prosecutor
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}    Defendant-appellants Brenda S. Brubaker and Howard Kerr, Jr. appeal from the June 11, 2015 Entry of the Fairfield County Court of Common Pleas granting the Motion for Summary Judgment filed by plaintiff-appellee The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-6.

STATEMENT OF THE FACTS AND CASE

{¶2}    On or about September 28, 2006, appellants Brenda S. Brubaker and Howard Kerr, Jr.  executed a promissory note in the amount of $344,000.00 in favor of Countrywide Bank, N.A. The note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Bank, N.A. The note was subsequently endorsed to Countrywide Home Loans. Inc. and in blank by Countrywide Home Loans, Inc. In 2010, Home Affordable Modification Agreement was entered into between appellants and MERS as nominee for BAC Home Loans Servicing, LP. The mortgage was later assigned by MERS to appellee The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-6. The assignment was recorded on April 13, 2012.

{¶3}    Subsequently, on March 17, 2014, appellee filed a complaint in foreclosure against appellants. Appellants, with leave of court, filed a joint answer on June 25, 2014.

{¶4}    Appellee, on March 23, 2015, filed a Motion for Summary Judgment against appellants.  The motion was supported by the affidavit of Michele Crampton, an employee of Specialized Loan Servicing LLC, a loan servicing agent for appellee. The trial court,

pursuant to a Notice filed on March 31, 2015, scheduled a non-oral hearing on the motion for April 22, 2015 and granted appellants until April 15, 2015 to file a response to the same. The trial court also granted appellee until April 21, 2015 to file a reply.

{¶5} Appellants, on April 21, 2015, filed a brief in opposition to appellee's Motion for Summary Judgment. The brief was not supported by any evidentiary materials. The trial court, as memorialized in an Order filed on May 22, 2015, found that appellants had failed to file their response to appellee's Motion for Summary Judgment within the deadline and ordered appellants to show cause on or before May 28, 2015 as to why their response was untimely filed and "why the Court should consider the late response." After appellants failed to do so, the trial court, pursuant to an Entry filed on June 11, 2015, granted appellee's Motion for Summary Judgment. The trial court, in its Entry, stated, in part, that because appellants did not respond to the trial court's May 22, 2015 Order, it would not consider appellants' April 21, 2015 brief in opposition to appellee's Motion for Summary Judgment.

{¶6} Appellants now raise the following assignments of error on appeal:

{¶7} I. REVIEWING APPELLEE'S MOTION FOR SUMMARY JUDGMENT *DE NOVO*, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE.

{¶8} II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRATING (SIC) THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BASED UPON THE PRESENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING APPELLEE-PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT EVIDENCE OF ENTITLEMENT TO FORECLOSURE AND/OR DAMAGES.

I, II

{¶9}    Appellants, in their two assignments of error, argue that the trial court erred in granting summary judgment in favor of appellee.

{¶10}  Civil Rule 56(C) states, in pertinent part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶11}  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). When reviewing a trial court's decision to grant summary judgment, an appellate

court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

{¶13} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must show:

{¶14} (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

{¶15} (2) if the movant is not the original mortgagee, the chain of assignments and transfers;

{¶16} (3) all conditions precedent have been met;

{¶17} (4) the mortgage is in default; and

{¶18} (5) the amount of principal and interest due.

{¶19} *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3203.

{¶20} To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d, 2012–Ohio–5017, 979 N.E.2d 1214. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *U.S. Bank Nat'l. Assn v. Marcino,* 181 Ohio App.3d 328, 2009–Ohio–1178, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Corp. v. Smith,* 1st Dist. Hamilton No. C061069, 2007–Ohio–5874.

{¶21} As is stated above, appellee supported its motion with the affidavit of Michele Crampton, an employee of Specialized Loan Servicing LLC, a loan servicing agent for appellee. Appellants contend that the trial court erred in relying on such affidavit because the affidavit was not based on personal knowledge.

{¶22} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *U.S. Bank Trustee NA v. Herman,* 5th Dist. Delaware No. 14 CAE 04 0023, 2015–Ohio–586, ¶ 14 citing *Citimortgage, Inc. v. Cathcart,* 5th Dist. Stark No.2013CA00179, 2014–Ohio–620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

{¶23}   In *Wachovia Bank v. Jackson,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3203, this Court cited *Lasalle Bank Nat'l. Assoc. v. Street,* 5th Dist. Licking No. 08CA60, 2009–Ohio–1855:

Ohio courts have defined 'personal knowledge' as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' *Zeedyk v. Agricultural Soc. of Defiance County,* Defiance App. No. 4–04–08, 2004–Ohio–6187, at paragraph 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP–715, 2004–Ohio–2640, paragraph 12. However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. *CitiMortgage, Inc. v. Ferguson,* Fairfield App. No.2006CA00051, 2008–Ohio–556, paragraph 29. Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See *Bush v. Dictaphone Corp.,* Franklin App. No. 00AP1117, 2003–Ohio–883, paragraph 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13–82–41. *Lasalle* at paragraphs 21–22.

'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." * * * Further, "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of

Civ.R. 56(E). See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, paragraph 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*" *Id.* at para 26 and 27 (Citations omitted).

{¶24}   See also *Wells Fargo Bank, N.A. v. Dawson,* 5th Dist. Stark No.2013CA00095, 2014–Ohio–269.

{¶25}   Crampton, in her affidavit, stated that in the regular performance of her job functions, she was familiar with the business records maintained by Specialized Loan Servicing LLC for the purpose of servicing mortgage loans and that she had personally examined the records. She further stated that from at least the time of filing of the complaint, appellee had been in possession of the original promissory note and that appellee had exercised the option contained in the note by accelerating and calling due the entire amount due under the note.   Crampton, in her affidavit, also stated that she had personal knowledge of appellants' loan account and that there was presently due on such loan the unpaid principal balance of $317,784.61 plus interest.   Finally, Crampton, in her affidavit, stated, in relevant part, as follows:

7. Within the scope of my familiarity with the business records maintained by Specialized Loan Servicing LLC, I attest that the Assignment of Mortgage, attached to Plaintiff's Motion for Summary Judgment and hereto as Exhibit "C", is a true and accurate copy of the Assignment of Mortgage from Mortgage Electronic Registration Systems Inc. to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2007-6, which was executed on April 4, 2012 and recorded as a matter of Fairfield County Official Records on April 13, 2012, as Instrument Number 201200004553, book 1595 and Page 300.

8. I further attest that the notice of default, attached hereto and incorporated herein as Exhibit "E", is a true and accurate copy of the notice that was mailed to Brenda S Brubaker and Howard Kerr, Jr. on September 19, 2013, in accordance with the Note and Mortgage.

9. I also further attest that the payment history attached hereto and incorporated herein by reference as Exhibit "F" is a true and accurate representation of the account activity on the Defendants' loan account, including but not limited to credits, advances and escrow activity, if any.

10. I also attest that a true and accurate copy of the Modification Agreement executed by Brenda S Brubaker and Howard Kerr, Jr. on or about April 5, 2010, is attached hereto and incorporated herein as Exhibit "D".

{¶26}   We find that Crampton's affidavit meets the standards set forth in *Wachovia Bank v. Jackson. See U.S. Bank v. Herman,* 5th Dist. Delaware No. 14 CAE 04 0023, 2015–Ohio–586, ¶ 24. From her position as the loan support analyst and her statement that she examined the records in this case, it may be reasonably inferred that she had personal knowledge to qualify the documents as an exception to the hearsay rule as business documents. *Id.*  Her affidavit was properly admissible pursuant to Civ.R. 56.

{¶27}   Based on the foregoing and the exhibits attached to appellee's complaint and motion, we find that appellee met its initial burden on summary judgment. Because

appellee met its initial burden, the burden shifted to appellants to show that there was a genuine issue of material fact.  As is stated above, the trial court refused to consider appellants' brief in opposition to appellee's Motion to Summary Judgment and the arguments raised in the same because appellants failed to show cause as to why it was filed late. Moreover, as noted by the trial court in its Order, "even had the Court considered Defendants' Memorandum Contra, no evidence was set forth therein." Appellants did not attach any evidentiary materials in support of their memorandum in opposition to the Motion for Summary Judgment as required by Civ.R. 56. We find, therefore, that the trial court, did not err in granting appellee's Motion for Summary Judgment.

{¶28}  Appellants' two assignments of error are, therefore, overruled.

{¶29}  Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Hoffman, J. concur.