[Cite as *Bank of New York Mellon v. Ettayem*, 2014-Ohio-4487.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE | JUDGES: Hon. William B. Hoffman, P. J. Hon. W. Scott Gwin, J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 14 CAE 04 0020 |
| ASHRAF A. ETTAYEM, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                             Pleas, Case No.  12 CVE 09 1058


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 8, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant Ettayem

ASHLEY E. MUELLER                     MATTHEW J. RODA
JASON A. WHITACRE                     522 North State Street
LAW OFFICEF OF JOHN D. CLUNK CO.      Westerville, Ohio  43082
4500 Courthouse Blvd., Suite 400
Stow, Ohio  44224

*Wise, J.*

{¶1}    Appellant Ashraf A. Ettayem appeals the decision of the Court of Common Pleas, Delaware County, which granted summary judgment to Appellee Bank of New York Mellon in a foreclosure lawsuit.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On December 29, 2004, Appellant Ashraf A. Ettayem executed a Promissory Note in favor of America's Wholesale Lender and both Appellant and his wife Natasha Ettayem executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for America's Wholesale Lender for $472,000.00. Complaint, Ex. A, B. The Mortgage was recorded in the Delaware County Official Records on January 3, 2005, Book 573, Page 1521.

{¶3}    An Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., acting solely as nominee for America's Wholesale Lender to Bank of New York (BONY) was executed on May 1, 2012, and recorded in the Delaware County Official Records on May 8, 2012, Book 1119, Page 1726.

{¶4}    On September 19, 2012, BONY filed a complaint in foreclosure.

{¶5}    On November 19, 2012, Appellant was served by certified mail.

{¶6}    On or about January 16, 2012, Appellant, through counsel, filed a Motion for Leave to Plead Beyond Answer Deadline. The trial court denied this request and his subsequent Motion for Reconsideration. Appellant appealed that denial, which was dismissed for lack of final, appealable order.

{¶7}    Subsequent to the remand back to the trial court, BONY filed a motion with the trial court to amend its Complaint, which was granted on August 13, 2013.

{¶8} On August 28, 2013, Appellant filed his Answer.

{¶9} On November 1, 2013, Appellant propounded its first Request for Production of Documents and Interrogatories.

{¶10} BONY filed a Motion for extension with the trial court, which extended the deadline to December 5, 2013.

{¶11} BONY asked for, and was granted, a second extension until January 6, 2014. The trial court's order indicated that no further extensions would be granted and simultaneously set the dispositive deadline for February 5, 2014. The order also stated that failure to comply with the order shall result in the matter being administratively dismissed.

{¶12} On January 6, 2014, BONY served Appellant with its responses to his discovery requests and filed a notice of the same with the trial court on January 7, 2014.

{¶13} On January 27, 2014, BONY moved for summary judgment.

{¶14} On February 11, 2014, Appellant filed his memorandum contra to BONY's Motion for Summary Judgment.

{¶15} On February 21, 2014, Appellant filed a Motion for leave to Supplement his Memorandum Contra to BONY's Motion.

{¶16} On February 24, 2014, BONY filed a reply in support of its Motion for Summary Judgment in conjunction with a Motion to Strike Exhibits I, II and IV to Appellant's Affidavit.

{¶17} On March 6, 2014, the trial court issued an Entry granting BONY's Motion for Summary Judgment and denying Appellant's Motion for Leave.

{¶18} On March 7, 2014, a final Order granting BONY judgment on the Note and a decree in foreclosure was issued.

{¶19} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶20} "I. THE COURT ABUSED ITS DISCRETION IN FAILING TO DISMISS PLAINTIFF'S CASE FOR FAILING TO TIMELY RESPOND TO DISCOVERY REQUESTS.

{¶21} "II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHEN PLAINTIFF FAILED TO PRODUCE CIV.R. 56 MATERIAL EVIDENCE OF AN INTEREST IN THE NOTE AND MORTGAGE.

{¶22} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN WEIGHING THE EVIDENCE OFFERED BY APPELLANT AND/OR DECLARING IT TO BE IRRELEVANT.

{¶23} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT LEAVE TO SUPPLEMENT HIS MEMORANDUM CONTRA.

**I.**

{¶24} Appellant's First Assignment of Error argues that the trial court erred in not dismissing Appellee's complaint for failure to timely respond to discover requests. We disagree.

{¶25} More specifically, Appellant argues that Appellee failed to produce the original Note and Mortgage for inspection until after the discover deadline had passed, and therefore, the trial court should have dismissed the instant foreclosure action.

**{¶26}** Appellee requested and was granted two extensions of the discovery cut-off date, with the last deadline being January 6, 2014.

**{¶27}** In its response to Appellant's discovery request regarding production of the original Note and Mortgage, Appellee stated:

**{¶28}** "The Original Note and Mortgage are being sent to Plaintiff's Counsel. Once available, Plaintiff's Counsel will contact Defendant's Counsel to schedule a mutually agreeable date, time and location for inspection."

**{¶29}** On January 31, 2014, counsel for Appellee advised Appellant's counsel that they were now in possession of the Note and Mortgage and that same was available for inspection.

**{¶30}** Appellant did not file a motion to compel with the trial court, instead raising the issue in his memorandum contra to Appellee's motion for summary judgment.

**{¶31}** We have generally recognized that a trial court has the inherent authority to manage its own proceedings and control its own docket. *Love Properties, Inc. v. Kyles,* Stark App.No. 2006CA00101, 2007–Ohio–1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney,* Mahoning App.No. 03 MA 139, 2003–Ohio–7010, ¶ 5. A decision regarding the disposition of discovery issues is reviewed under an abuse of discretion standard. *Contini v. Ohio State Bd. of Edn.,* Licking App. No. 2007CA0136, 2008–Ohio–5710, ¶ 46 citing *State ex rel. The V Companies v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198. "Abuse of discretion" implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

**{¶32}** A party may move for an order compelling discovery. Civ.R. 37(A). However, it is "well-settled that '[a] trial court enjoys broad discretion in the regulation of discovery, and an appellate court will not reverse a trial court's decision to sustain or overrule a motion to compel discovery absent an abuse of discretion.' " *Watkins v. Holderman,* 10th Dist. No. 11AP–491, 2012–Ohio–1707, ¶ 14, quoting *Stark v. Govt. Accounting Solutions, Inc.,* 10th Dist. No. 08AP–987, 2009–Ohio–5201, ¶ 14, citing *Coryell v. Bank One Trust Co. N.A.,* 10th Dist. No. 07AP–766, 2008–Ohio–2698, ¶ 47.

**{¶33}** Further, the decision to dismiss under Civ.R. 37(B)(2)(c) and 41(B)(1) is within the sound discretion of the trial court. *Quonset Hut, Inc. v. Ford Motor Co.,* 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997); *Toney v. Berkemer,* 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983). However, that discretion must be cautiously exercised. *Quonset Hut, Inc.* at 48, 684 N.E.2d 319. Before dismissing claims for violation of a discovery order, a trial court must find that the failure to comply is due to willfulness, bad faith, or any fault of the plaintiff. *Toney* at 458, 453 N.E.2d 700. Appellate courts will affirm the dismissal "when 'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to * * * obey a court order.' " *Quonset Hut, Inc.* at 48, 684 N.E.2d 319, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.,* 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992).

**{¶34}** As stated above, in this case Appellant did not file a motion to compel discovery with the trial court. Rather, Appellant raised the issue in his response to Appellee's motion to dismiss.

**{¶35}** Upon review, we find no abuse of discretion in the trial court's failure to dismiss Appellee's claims in this matter.

**{¶36}** Appellant's First Assignment of Error is overruled.

**II., III.**

**{¶37}** Appellant's Second Assignment of Error argues that the trial court erred in granting summary judgment in favor of Appellee. We disagree.

## STANDARD OF REVIEW - SUMMARY JUDGMENT

**{¶38}** Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212(1987).

**{¶39}** Civil Rule 56(C) states in part:

**{¶40}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

**{¶41}** Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138(1992).

**{¶42}** The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may

not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164(1997), citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264(1996).

**{¶43}** This appeal shall be considered in accordance with the aforementioned rules.

**{¶44}** In the instant case, Appellant argues that Appellee failed to produce evidence of an interest in the note and mortgage, and that the Affidavit in support of its motion for summary judgment was deficient.

**{¶45}** To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d, 2012–Ohio–5017, 979 N.E.2d 1214. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *U.S. Bank Nat'l. Assn. v. Marcino,* 181 Ohio App.3d 328, 2009–Ohio–1178, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Corp. v. Smith,* 1st Dist. Hamilton No. C061069, 2007–Ohio–5874. R.C. 1303.31 provides:

**{¶46}** (A) A person entitled to enforce an instrument means any of the following persons:

**{¶47}** (1) The holder of the instrument;

{¶48} (2) A nonholder in possession of the instrument who has the rights of a holder;

{¶49} (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶50} (B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

{¶51} Upon review, with regard to the Note and Mortgage in this case, we find the evidence produced in support of Appellee's motion for summary judgment demonstrated:

## NOTE AND MORTGAGE

{¶52} On December 29, 2004, Appellant and Natasha Ettayem executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as a nominee for America's Wholesale Lender, Fifth Third Mortgage Company.

{¶53} On December 29, 2004, Appellant executed a Note payable to America's Wholesale Lender.

{¶54} On May 5, 2012, the Mortgage and Note were assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for Certificate holders of CWMBS, Inc. CHL Mortgage Pass-through Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-01.

{¶55} Appellee is the holder of the Note and Mortgage.

**{¶56}** Upon review, this Court finds that Appellee BONY attached the Note, endorsed in blank, to the Complaint. Appellee also attached with the Complaint the recorded assignment of mortgage.

**{¶57}** Based on the foregoing, we find that Appellee established that it had standing in this matter.

## AFFIDAVIT

**{¶58}** Appellant herein argues Appellee is not entitled to summary judgment because Appellee's affidavit attached to its motion for summary judgment was insufficient to support a granting of summary judgment.

**{¶59}** More specifically, Appellants contend the note and mortgage were not properly authenticated by a custodian of the records as "true and accurate".

**{¶60}** In *Wachovia Bank Delaware, N.A. v. Jackson,* this Court detailed the requirements necessary for an affidavit in support of a motion for summary judgment in a foreclosure case. 5th Dist. Stark No. 2010–CA–00291, 2011–Ohio–3202. The affidavit must show:

**{¶61}** (1) the affiant is competent to testify;

**{¶62}** (2) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;

**{¶63}** (3) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done;

**{¶64}** (4) the affidavit must be notarized; and

**{¶65}** (5) any documents the affidavit refers to must be attached to the affidavit or served with the affidavit. *Id.*

**{¶66}** Personal knowledge is required to qualify the records of an affidavit under the business records hearsay exception of Evid.R. 803(6). To qualify for admission under Rule 803(6), a business record must manifest four essential elements:

**{¶67}** (i) the record must be one regularly recorded in a regularly conducted activity;

**{¶68}** (ii) it must have been entered by a person with knowledge of the act, event, or condition;

**{¶69}** (iii) it must have been recorded at or near the time of the transaction; and,

**{¶70}** (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.' *Citimortgage, Inc. v. Cathcart,* 5th Dist. Stark No. 2013CA00179, 2014–Ohio–620.

**{¶71}** The phrase "other qualified witness" should be broadly interpreted and it is not a requirement that the witness had firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

**{¶72}** Affidavits which merely set forth legal conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civil Rule 56(E). *Tolson v. Triangle Real Estate,* 10th Dist. Franklin No. 03AP–715, 2004–Ohio–2640.

However, Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. *Wells Fargo Bank, N.A. v. Dawson,* 5th Dist. Stark No. 2013CA00095. The assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*

{¶73} In this case, the Affidavit of Lyvonne Jones stated that on December 29, 2004, Appellant and Natasha Ettayem executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as a nominee for America's Wholesale Lender, Fifth Third Mortgage Company; on December 29, 2004, Appellant executed a Note payable to America's Wholesale Lender; on May 5, 2012, the Mortgage and Note were assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for Certificate holders of CWMBS, Inc. CHL Mortgage Pass-through Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-01; that Appellant was in default in the Note and that the principal balance due was $437,928.85 at 3% interest per annum from February 1, 2012.

{¶74} Affiant Jones also stated, inter alia, that she is an employee of Resurgent Capital Services, LP; that Resurgent Capital Services, LP, is the Plaintiff's servicer of Appellant's loan; that she examined/had personal knowledge of Appellant's loan account; that she had personal knowledge as to how the loan records are created and maintained; that BONY was in possession of Appellant's Note at the time of the filing of the Complaint in this matter; and that BONY is the assignee of the Mortgage.

**{¶75}** Attached to Jones' Affidavit were copies of the Note and Mortgage executed by Appellant and the Assignment of the Mortgage to BONY.

**{¶76}** From her position, her statement that she reviewed the documents in the instant case, and her statement that she has personal knowledge in this matter, we find the documents qualify as an exception to the hearsay rule as a business document. We find Jones' affidavit meets the requirements set forth in *Wachovia Bank v. Jackson.* The affidavit is properly admissible Civil Rule 56 evidence, and Appellant failed to submit any Civil Rule 56 evidence to contradict the affidavit. The trial court did not err in granting summary judgment based on Jones' affidavit.

## ASSIGNMENT OF MORTGAGE

**{¶77}** Appellant also argues that the trial court erred in entering summary judgment in favor of Appellee because the assignment of mortgage from MERS to BONY was "robo-signed." In support of this claim, Appellants offered internet research questioning the authority of the designated representative and signor, Valerie White. Such evidence is not properly considered on summary judgment. *Bank of New York Mellon Trust Co. v. Unger,* 8th Dist. Cuyahoga No. 97315, 2012–Ohio–1950 at ¶ 43. Appellants have therefore produced no evidence that the assignment of mortgage in this case was in fact robo-signed.

**{¶78}** Further, as this Court was explained by the Court in *Unger,* given that there is no dispute that Appellant executed the mortgage to secure the obligations owed on the note, Appellant lacks standing to challenge the subsequent assignment of the mortgage:

**{¶79}** "The mortgage assignments did not alter the Ungers' obligations under the note or mortgage. Mellon filed the foreclosure complaint based on the Ungers' default under the note and mortgage, not because of the mortgage assignments. The Ungers' default exposed them to foreclosure regardless of the party who actually proceeds with foreclosure. The Ungers, therefore, failed to show they suffered or will suffer any injury, the injury is traceable to the mortgage assignments, and it is likely a favorable decision will remedy the injury. The trial court properly granted Mellon's motion for summary judgment because the Ungers lacked standing to challenge the mortgage assignments. (Citations omitted.) *Unger,* 2012–Ohio–1950 at ¶ 35; *see also Bridge v. Aames Capital Corp.,* N.D. Ohio No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154, *10–16, 2010 WL 3834059 (Sept. 28, 2010); *Smoak,* 461 B.R. at 519 (makers of note could not challenge mortgage securing the note based on a defect in its assignment, where holder provided evidence that the makers granted the mortgage to secure the obligations owed on the note)."

**{¶80}** Even if the assignment of mortgage in this case was invalid, BONY would still be entitled to enforce the mortgage because under Ohio law, the mortgage "follows the note" it secures. *U.S. Bank N.A. v. Marino,* 181 Ohio App.3d 328, 2009–Ohio–1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.) ("For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt, and the mortgage is a mere incident to the obligation. Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.") (Citations omitted.) The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an

equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered. *See, e.g., Dobbs,* 2009–Ohio–4742 at ¶ 30.

**{¶81}** Accordingly, Appellants' Second Assignment of Error is overruled.

### III. and IV.

**{¶82}** Appellant's Third and Fourth Assignments of Error argue that the trial court erred in denying Appellant leave to supplement his memorandum contra. We disagree.

**{¶83}** Appellant filed his Memorandum contra to Appellee's motion for summary judgment on February 11, 2014. Then on February 21, 2014, Appellant moved for leave to supplement his memorandum contra stating that same was based upon newly discovered evidence. Attached to the motion were: Ex. 6: Appellant's 2nd affidavit concerning his viewing of the original Note and Mortgage which took place on February 17, 2014; Ex. V: a copy of the Note executed by Appellant on Dec. 29, 2004; Ex. VI: a copy of the Mortgage, executed by Appellant and Natasha Ettayem on Dec. 29, 2004; Ex. 7 and 8: copies of the Complaints filed in this matter, on Nov. 19, 2009 and Dec. 8, 2011.

**{¶84}** The trial court found that none of the attachments/exhibits were newly discovered evidence and denied Appellant's motion and ordered the exhibits stricken from the record.

**{¶85}** Upon review, we find that the trial court did not err in denying Appellant leave to supplement his memorandum contra as the original Note and Mortgage were not newly discovered evidence. Further, Appellant could have viewed same prior to

February 11, 2014. The remainder of the attachments were likewise not newly discovered evidence.

**{¶86}** Upon reviewing Appellee's motion for summary judgment and Appellant's memorandum contra, the trial court found the following attachments to Appellant's memorandum were not relevant to the issues at hand:

**{¶87}** Ex. I: Webpage listing Merscorp Holdings Inc. Officers and Mortgage Electronic Registration Systems, Inc. Officers

**{¶88}** Ex. II:  LinkedIn search for Valerie White

**{¶89}** Ex. IV:  web article/press release with copy of Superior Court of California Case No. LC081846 - Proposed Stipulated Judgment and other pleadings (unsigned).

**{¶90}** Upon review, we agree with the trial court that the above exhibits were not relevant to the issue of whether Appellee was entitled to foreclosure in this case.

**{¶91}** Further, we find that the trial court did review the evidence produced by Appellant but found that he failed to produce any evidence to dispute BONY's evidence that it was entitled foreclosure in this action.

{¶92} Appellant's Third and Fourth Assignments of Error are overruled.

{¶93} For the forgoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.

JWW/d 0923