[Cite as *Metro. Life v. Lee*, 2018-Ohio-4915.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff-Appellee,

v.

MARY B. LEE ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 JE 0006

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 17 CV 00438

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Laura Infante and Atty. Ashley Mueller*, Clunk, Hoose Co., LPA, 4500 Courthouse Blvd., Suite 400, Stow, Ohio 44224, for Plaintiff-Appellee and

*Atty. Pamela Bolton,* Southeastern Ohio Legal Services, 100 North Third Street, Steubenville, Ohio 43952 and *Atty. William Canterberry,* Southeastern Ohio Legal Services, 15 West Locust Avenue, Suite A, Newark, Ohio 43055, for Defendant-Appellants.

Dated: December 11, 2018

---

**Donofrio, J.**

{¶1} Defendant-appellant, Mary Lee, appeals from a Jefferson County Common Pleas Court decision granting summary judgment in favor of plaintiff-appellee, Metropolitan Life Insurance Company.

{¶2} Appellant purchased a home in Steubenville, Ohio in 2003. She executed a note (Note) and corresponding mortgage (Mortgage). Through a series of assignments, appellee became the holder of the Note and Mortgage on May 16, 2017.

{¶3} On September 25, 2017, appellee filed a complaint in foreclosure against appellant. Appellee alleged that appellant was in default on her Mortgage payment after failing to make a payment for six months. Appellant filed a response to the complaint bringing seven affirmative defenses, one of which was that appellee failed to satisfy a condition precedent by not properly giving notice of default.

{¶4} Appellee filed a motion for summary judgment. Appellee attached the Mortgage, the Note, the account activity, and the notice of default. An accompanying affidavit stated that the notice of default was mailed in accordance with the Note and Mortgage.

{¶5} In response to the motion for summary judgment, appellant again argued that appellee had not met conditions precedent, including that it did not give her proper notice of default. She attached her own affidavit, which stated that she had not received the notice of default. Appellant attached the tracking information of the letter, which showed that it was returned to sender after delivery was not made. She further attached a letter from the United States Postal Service stating that the letter was sent by certified mail and was returned to sender.

{¶6} The trial court granted appellee's motion for summary judgment and issued a foreclosure decree. Appellant filed a timely notice of appeal. The trial court stayed its judgment pending this appeal.

{¶7} Appellant now raises a single assignment of error, which states:

THE TRIAL COURT ERRED BY GRANTING A SUMMARY JUDGMENT OF FORECLOSURE FOR PLAINTIFF MORTGAGEE WHEN GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHETHER IT SENT A NOTICE OF DEFAULT AND ACCELERATION TO DEFENDANT HOMEOWNER BY REGULAR FIRST-CLASS MAIL.

{¶8}   Appellant points out that notice is a condition precedent to executing a foreclosure action.  She claims that appellee did not follow the terms of the Note and did not satisfy the condition precedent when it sent the notice by certified mail instead of by ordinary first-class mail.  Moreover, appellee asserts that she never received the certified mail notice and, therefore, was never given notice of appellee's intent to foreclose.

{¶9}   An appellate court reviews a summary judgment ruling de novo.  *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶10}  A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist., 2015-Ohio-4167, 44, 44 N.E.3d 1011 N.E.3d 1011, ¶ 8; Civ.R. 56(C).  The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C).  *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).  If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact.  *Id*.; Civ.R. 56(E).  "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."  *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶11} At issue here is whether appellee met all conditions precedent for foreclosure.  The Note provided a mandatory notice requirement:

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**{¶12}** (Appellee Motion for S.J., Nwabara Dep. Ex. A). Although the Note uses the word "may" the notice requirement is mandatory and is a condition precedent to foreclosure. *Bank of New York Mellon v. Roarty*, 7th Dist. No. 10-MA-42, 2012-Ohio-1471, ¶ 25.

**{¶13}** Under the heading, "GIVING OF NOTICES" the Note prescribes the manner with which the Note holder will send the notice. It states:

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

**{¶14}** (Appellee Motion for S.J., Nwabara Dep. Ex. A). In addition, the Mortgage provides: "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." (Appellee Motion for S.J., Nwabara Dep. Ex. B).

**{¶15}** Appellant attached her own affidavit to her summary judgment motion. She averred that she never received the notice of appellee's intent to foreclose. (Appellant Response to Motion for S.J., Lee Dep. ¶ 8). Moreover, she attached a copy of the United States Post Office certified mail receipt indicating that the notice appellee sent was returned to it as "unclaimed/being returned to sender." (Appellant Response to Motion for S.J., Ex. B). Appellee does not dispute that the notice was returned to it.

**{¶16}** Appellee contends that certified mail and first-class mail are the same and, therefore, both get the presumption of delivery that the Mortgage defines.

Case No. 18 JE 0006

Appellant counters that certified mail falls within the "sent by other means" wording of the Mortgage, and therefore requires actual delivery.

**{¶17}** This court does not give the presumption of delivery when a letter is mailed by certified mail. *Roarty*, 7th Dist. No. 10-MA-42 at ¶ 34. Examining an almost identical notice provision and presumption of delivery passage in the mortgage, this court found:

> Appellee did not send notice via regular first class mail. So there is no presumption that appellants received notice in this manner. Further, there is evidence that appellee attempted to provide the Notice by certified mail. However, the evidence indicates that the certified mail was never actually delivered to appellants. Thus, a genuine issue of material fact exists as to whether appellee complied with the notice requirement, which was a prerequisite to acceleration.

*Id.*

**{¶18}** In coming to this holding, this court followed the Tenth District's reasoning in *National City Mortg. Co. v. Richards*, 10th Dist. No. 08-AP-630, 2009-Ohio-2556. That court explained:

> National City mailed its notice of default to Richards only by certified mail, which was returned to National City unclaimed. National City did not mail a notice of default by ordinary mail, either contemporaneously with its certified-mail notice or after return of the certified-mail envelope. Accordingly, no presumption of delivery arose. Moreover, even if a rebuttable presumption had arisen upon National City's certified mailing, the presumption was decisively rebutted by the uncontradicted evidence that the certified mail was returned to National City unclaimed.

*Id.* at ¶ 28.

**{¶19}** There is an important difference between certified mail and ordinary first-class mail. If no authorized party is at the residence to receive the certified mail, a notice is left at the residence informing them that the letter is available for pickup at the

post office during a certain time period, after which time it will be returned to the sender. The mail is not simply left at the residence, where it can be assumed the resident received it as is the case with ordinary first-class mail.

**{¶20}** The law supports a distinction between ordinary first-class mail and certified mail. For example, the Ohio Revised Code refers to both "certified mail" and "first-class" mail. *See e.g.*, R.C. 5721.381(A) ("shall notify the certificate holder by ordinary first class or certified mail"). And the Ohio Rules of Civil Procedure refer to both certified and first-class mail. *See e.g.*, Civ.R. 4.6(C) (referring to both certified and ordinary mail service). The United States Supreme Court has even recognized the difference, noting "the use of certified mail might make actual notice less likely in some cases-the letter cannot be left like regular mail to be examined at the end of the day, and it can only be retrieved from the post office for a specified period of time." *Jones v. Flowers*, 547 U.S. 220, 235, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006).

**{¶21}** Appellee contends that requiring it to send notice by regular first-class mail imposes a burden beyond that of the Note and Mortgage. But appellee's contract expressly provides a presumption of delivery if the letter is sent by first-class mail. Neither the Note nor the Mortgage required appellee to use certified mail. It is important to note that appellee would be able to establish delivery under the terms of the Mortgage if the certified letter was actually delivered.

**{¶22}** In sum, certified mail is different from first-class mail. And the Note requires service by actual delivery "or mailing it by first class mail." The notice was not actually delivered in this case and it was not mailed by first-class mail. Therefore, a genuine issue of material fact exists as to whether appellee successfully met the notice condition precedent to foreclosure. Therefore, the trial court erred in granting summary judgment in favor of appellee.

**{¶23}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs

Bartlett, J., concurs

———————————————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**