[Cite as *Nationstar Mtge., L.L.L. v. Billock*, 2020-Ohio-4723.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

NATIONSTAR MORTGAGE LLC., DBA MR. COOPER

Plaintiff-Appellee,

v.

WENDY B. BILLOCK ET AL,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0107**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CV 00722

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Eric Deighton*, Carlisle, McNellie, Rini, Kramer, Ulrich Co., LPA., 24755 Chagrin Blvd., Suite 200, Cleveland, Ohio 44122, for Plaintiff-Appellee and

*Atty. Daniel McGookey*, McGookey Law Offices, LLC., 225 Meigs Street, Sandusky, Ohio 44870, for Defendants-Appellants.

Dated:
September 28, 2020
_____

**Donofrio, J.**

{¶1}     Defendants-appellants, Wendy and David Billock, (the Billocks), appeal from a Mahoning County Common Pleas Court judgment granting plaintiff-appellee, Nationstar Mortgage LLC dba Mr. Cooper (Mr. Cooper), summary judgment on the foreclosure of a mortgage.

{¶2}     The Billocks executed a note with IndyMac Bank, FSB and a mortgage with MERS as assignee in 2005.  Two assignments of mortgage followed leaving Mr. Cooper the final assignee in March of 2017.  In November 2017, the Billocks ceased making payments on their note.   On January 12, 2018, Mr. Cooper sent a letter to the Billocks to inform them they were past due and in danger of defaulting if they did not make payment by February 16, 2018.

{¶3}     On March 16, 2018, Mr. Cooper filed a complaint in the trial court for judgment on the note and foreclosure on the mortgage.

{¶4}     Mr. Cooper subsequently filed a motion for summary judgment.  In support of its motion, Mr. Cooper attached the affidavit of Theresa Robertson, its document executive associate who averred to Mr. Cooper's business records regarding the Billocks' note and mortgage.  In response, the Billocks filed a motion to strike Robertson's affidavit arguing she had no personal knowledge of the matters in the affidavit.  They also filed a response in opposition to summary judgment.

{¶5}     The trial court overruled the Billocks' motion to strike the affidavit and granted Mr. Cooper's motion for summary judgment on August 21, 2019.  The Billocks filed a timely notice of appeal on September 20, 2019.

{¶6}     The Billocks raise one assignment of error for this court's review.   It provides:

THE TRIAL COURT ERRED IN GRANTING NATIONSTAR'S
MOTION FOR SUMMARY JUDGEMENT.

{¶7} An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶8} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶9} If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶10} To support a summary judgment motion in a foreclosure action, the plaintiff must present evidence that: "(1) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *U.S. Bank, Natl. Assn. v. Wigle*, 7th Dist. Mahoning No. 13 MA 32, 2015-Ohio-2324, ¶ 25, citing *Wachovia Bank v. Jackson*, 5th Dist. Stark Co. No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

{¶11} The Billocks raise four issues corresponding to the elements to prove a foreclosure action for summary judgment: (1) whether Mr. Cooper is the proper party to enforce the note and mortgage; (2) whether Mr. Cooper met all conditions precedent prior to filing foreclosure; (3) whether Mr. Cooper properly filed the supporting documents; and

(4) whether Mr. Cooper appropriately set forth the amount owed. Finally, they argue the trial court abused its discretion in finding foreclosure an equitable remedy.

**{¶12}** The Billocks first contend that the note does not transfer with the mortgage when assigned, and that a mortgage without a note is unenforceable. If, they argue, the note was not properly transferred to Mr. Cooper, Mr. Cooper is not entitled to enforce the instrument. Mr. Cooper points out that the note was indorsed in blank, which renders the note payable to the possessor.

**{¶13}** "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B); *see also U.S. Bank Natl. Assn. v. Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391, ¶ 66. Moreover, "the holder of the note is the real party in interest entitled to pursue its rights under the note and mortgage." *Cent. Mtge. Co. v. Webster*, 5th Dist. Stark No. 2011CA00242, 2012-Ohio-4478, ¶ 32, citing

**{¶14}** The note authenticated by Robertson's affidavit was indorsed in blank, rendering it payable to the bearer. Robertson further attested to reviewing the original collateral documents (the note) and finding the copies attached to the affidavit to be true and accurate. (Robertson Aff. ¶ 4). In conjunction to having access to and possession of the note, as well as the collateral tracking sheet produced from Mr. Cooper's business records, Mr. Cooper presented evidence to prove it is the holder of the note and mortgage and is entitled to enforce those documents. (Robertson Aff. Ex. B); (Robertson Aff. Ex. F). Thus, the Billocks' first issue lacks merit.

**{¶15}** The Billocks' second issue is whether Mr. Cooper met all conditions precedent before filing for foreclosure. The note sets forth under section 7 headed "Giving of Notices":

> Unless applicable law requires a different method, any notice that must be
> given to me under this Note will be given by delivering it or by mailing it by
> first class mail to me at the Property Address above or at a different address
> if I give the Note Holder a notice of my different address.

**{¶16}** Likewise, section 15 of the mortgage titled "Notices" specifies:

Case No. 19 MA 0107

Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

**{¶17}** The notice requirement is a mandatory condition precedent to foreclosure. *Metro. Life Ins. Co. v. Lee*, 7th Dist. Jefferson No. 18 JE 0006, 2018-Ohio-4915, ¶ 12, *citing Bank of New York Mellon v. Roarty*, 7th Dist. Mahoning No. 10-MA-42, 2012-Ohio-1471, ¶ 25.

**{¶18}** The Billocks deny that they received the Right to Cure letter attached to the Robertson affidavit, being the notice specified in the note and mortgage. Robertson averred the Right to Cure letter was sent via first class mail, as required by the note and mortgage. (Robertson Aff. ¶ 6). The letter attached to the affidavit averring a first class mailing displays clearly "Sent via Certified Mail 9314 7100 1170 0943 6317 49." (Robertson Aff. Ex. G). There is no accompanying receipt for delivery, nor is there a return receipt showing a letter unclaimed. The Billocks did not offer rebutting evidence, by affidavit or otherwise, that they did not receive the letter.

**{¶19}** "[A]n adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). There is no evidence to counter the averment of Robertson that the letter was sent via first class mail. There is only a denial. Without controverting evidence, the Robertson affidavit stating the letter was sent by first class mail is sufficient proof of this fact. Based on the mailbox rule, a letter sent via first class mail has a rebuttable presumption of delivery. *Roarty, supra* at ¶ 29, *quoting Natl. City Mortg. Co. v. Richards*, 182 Ohio App3d 534, 2009-Ohio-2556, 913 N.E.2d 1007, ¶ 28 (10th Dist.). Thus, the Billocks' second issue lacks merit.

**{¶20}** The Billocks' third issue challenges whether Mr. Cooper properly filed the supporting documents. They argue Robertson's affidavit is not of evidentiary quality and the trial court should not have considered it. They contend the affidavit did not establish that Robertson had personal knowledge, as required by Civ.R. 56(E). The Billocks further argue the Robertson affidavit did not meet the elements for a business record exception

to the hearsay rule laid out in Evid.R. 803(6).  Without the affidavit, the Billocks argue, Mr. Cooper did not meet the evidentiary standard and was not entitled to judgment.

**{¶21}**  Mr. Cooper submitted the documents under the business records exception to the prohibition of hearsay rule in Evid.R. 803(6) to meet its burden of proof. Evid.R. 803(6), "Records of regularly conducted activity," states:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

**{¶22}**  In order to be admissible, "a business record must satisfy four elements: (1) the record must have been kept in the regular course of business; (2) it must stem from a source that has personal knowledge of the acts, events or conditions; (3) it must have been recorded at or near the time of the transaction at issue; and (4) a foundation must be laid by testimony of the custodian of the record or some other qualified individual." *Bank of Am., N.A. v. Beato*, 7th Dist. Mahoning No. 15-MA-0028, 2016-Ohio-8035, ¶ 11, citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171.

**{¶23}**  Robertson averred that she is a Document Execution Associate familiar with the record-keeping practices of Mr. Cooper, and that the various files and records associated with loans are added to Mr. Cooper's records "contemporaneously by a person with knowledge and in the normal course of business."  (Robertson Aff. ¶ 1-2).

**{¶24}**  The admission or exclusion of relevant evidence lies within the sound discretion of the trial court.  *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).  In order to find an abuse of discretion, a reviewing court must find that the trial court's decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

Case No. 19 MA 0107

**{¶25}** Under practically identical circumstances, this court upheld the affidavit of an employee of a loan servicing agent where the agent averred that the records with regard to the appellant's note and mortgage were transferred to the appellee; that she was an employee of the appellee's loan servicing agent; that the loan servicing agent obtained the records in the regular course of its business; that the loan servicing agent had possession of the note and mortgage; and that the note and mortgage were in default. *PNC Mortg., a Div. of PNC Bank, Nat'l Ass'n v. Krynicki*, 7th Dist. Mahoning No. 15 MA 0194, 2017-Ohio-808, 85 N.E.3d 1024, ¶ 15. We then found that the appellant had not asserted or offered any evidence to suggest that the records were not what they appear to be or were in any way inaccurate. *Id.* Thus, we concluded that the trial court did not abuse its discretion in considering the affidavit and the note, mortgage, and letter attached as exhibits to the affidavit. *Id.*

**{¶26}** The same facts apply here. The Billocks have not offered any evidence to suggest that the records are not what they appear to be or are in any way inaccurate. Robertson's affidavit set a sufficient foundation to admit the documents under the business records exception. We cannot conclude that the trial court abused its discretion in considering it.

**{¶27}** The Billocks also claim that Mr. Cooper failed to bring all of the proper documents before the court. Specifically, they claim Mr. Cooper failed to show evidence that MERS was a nominee for IndyMac Bank FSB when the mortgage was first assigned. Further, they claim Mr. Cooper failed to show the Power of Attorney for Ocwen Loan Servicing LLC, who signed the second assignment of mortgage as Attorney-in-Fact for OneWest Bank.

**{¶28}** We need not address the debtor standing, however, because Ohio has long recognized "that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the obligation. Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App. 3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.), citing *Edgar v. Haines*, 109 Ohio St. 159, 164, 141 N.E. 837 (1923) and *Kuck v. Sommers*, 100 N.E.2d 68, 75, 59 Ohio Abs. 400 (1950). As stated above, the note was indorsed in blank

making it payable to the bearer. Mr. Cooper was in possession of the note at the time this legal action commenced, based on the unrebutted affidavit of Robertson, making it the assignee of the mortgage.

**{¶29}** Accordingly, the Billocks' third issue lacks merit.

**{¶30}** The Billocks' fourth issue is whether the amount due under the note was established. The Billocks bring this issue based on their objection to Robertson's affidavit, which was discussed above. The Notice of Default letter and the transaction history, which were exhibits to the affidavit, established the amount due as $107,853.56. (Robertson Aff. ¶ 8, Ex. G, Ex. H). Thus, the Billocks' fourth issue lacks merit.

**{¶31}** The Billocks' final argument concerns the equity of foreclosure as an action to enforce the note. The Billocks argue that an action seeking judgment on a note and foreclosure on a mortgage raises two distinct issues. This court has stated, "[A]n action praying for judgment on a note and foreclosure on a mortgage raises two issues. The first issue presents the legal question of whether the mortgagor has defaulted on the note. The second issue entails an inquiry into whether the mortgagor's equity of redemption should be foreclosed." *Natl. City Mortg. v. Piccirilli*, 7th Dist. Mahoning No. 08-MA-230, 2011-Ohio-4312, ¶ 27, quoting *Metropolitan Life Ins. Co. v. Triskett Illinois, Inc.*, 97 Ohio App.3d 228, 234, 646 N.E.2d 528 (1st Dist.1994). The Billocks challenge the equity issue.

**{¶32}** The Billocks argue that by weighing the potential harms of the two parties, they will be harmed much more by losing their home than Mr. Cooper would be harmed from losing the money secured by the mortgage. Of course, this premise would hold true in almost all foreclosure cases and would render the use of a mortgage – or any security instrument – fruitless. But "equity of redemption" is a term of art that allows the mortgagor to redeem the property following default. *Deutsche Bank Nat'l Tr. Co. for Holders of Morgan Stanley ABS Capital I Inc. v. Eversole*, 6th Dist. Erie No. E-16-011, 2017-Ohio-1217, ¶ 28; *see generally Hausman v. Dayton*, 73 Ohio St. 3d 671, 1995-Ohio-277, 653 N.E.2d 1190, (examining when a mortgagor's right of redemption is cut off). The Billocks' right of redemption was not inequitably cut off, nor was this right disputed. In fact, Mr. Cooper stayed their case at one point in an effort to allow redemption before continuing. Thus, the Billocks' final issue lacks merit.

**{¶33}** Accordingly, the Billocks' sole assignment of error is without merit and is overruled.

**{¶34}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**